J-S67010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAVIER RAMOS | : | |
| | : | |
| Appellant | : | No. 470 EDA 2018 |

Appeal from the PCRA Order January 17, 2018
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0002292-2012,
CP-39-CR-0002296-2012

BEFORE:   OTT, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 11, 2019**

Javier Ramos appeals, *pro se*, from the order entered January 17, 2018, in the Lehigh County Court of Common Pleas, dismissing without a hearing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Ramos seeks relief from the judgment of sentence of an aggregate term of 18 to 42 years' imprisonment imposed on January 31, 2013, following his jury conviction of burglary, criminal conspiracy,[2] and related charges in the above-captioned consolidated cases.  On appeal, Ramos asserts, *inter alia*,

---

* Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S. §§ 9541-9546.

[2] **See** 18 Pa.C.S. §§ 3502 and 903, respectively.

the ineffectiveness of appointed counsel, who was permitted to withdraw in the PCRA court after filing a **Turner**/**Finley**[3] "no merit" letter. Because we conclude counsel's "no merit" letter was deficient such that Ramos was denied the right to effective counsel regarding his first PCRA petition, we vacate the order denying PCRA relief, and remand this case for the appointment of new PCRA counsel.

The facts underlying Ramos' convictions are well known to the parties, and we need not reiterate them herein. In summary, Ramos and a co-defendant, David Lafantano, committed a series of burglaries in Lehigh and Northampton Counties in February and March of 2012. Ramos was originally charged, at Docket No. 2292-2012, with a March 12, 2012, attempted break-in at a home in Breiningsville, Pennsylvania. That arrest led to information regarding other crimes, and Ramos was subsequently charged at Docket No. 2296-2012, with burglaries committed in Bethlehem and Upper Saucon Township in February of 2012. The cases were consolidated for trial. On December 12, 2012, a jury found Ramos guilty of four offenses at Docket No. 2292-2012, including attempted burglary,[4] and seven offenses at Docket No. 2296-2012, including burglary, receiving stolen property (two counts), and

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc).*

[4] **See** 18 Pa.C.S. §§ 901/3502(a).

criminal conspiracy.[5]   On January 31, 2013, the trial court imposed an aggregate sentence of 18 to 42 years' imprisonment.   Ramos filed a post-sentence motion, which the court denied, followed by a timely appeal.   On November 25, 2014, a panel of this Court affirmed the judgment of sentence on direct appeal, and the Pennsylvania Supreme Court denied his petition for allowance of appeal.   **See Commonwealth v. Ramos**, 113 A.3d 357 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 117 A.3d 296 (Pa. 2015).

While his direct appeal was pending, Ramos filed a *pro se* PCRA petition in January of 2014, followed by an amended petition in August of 2014.   The trial court entered an order staying the proceedings until the completion of his direct appeal.   In March of 2016, Ramos filed a *pro se* petition for writ of mandamus.   Thereafter, on April 12, 2016, the trial court entered an order lifting the stay on Ramos' PCRA proceedings, and appointing counsel to represent him.   On April 19, 2016, the court appointed new PCRA counsel due to a conflict with prior counsel, and directed counsel to file either an amended petition or a **Turner**/**Finley** "no merit" letter within 60 days.   Nevertheless, on June 3, 2016, Ramos filed another *pro se* amended petition.   On June 8, 2016, the PCRA court dismissed Ramos' *pro se* filing, since he was represented by counsel, and forwarded a copy to appointed counsel.   **See** Order, 6/8/2016.

_____

[5] **See** 18 Pa.C.S. §§ 3502(a), 3925(a), and 903(a), respectively.

- 3 -

Subsequently, on June 15, 2016, counsel filed a motion to withdraw and accompanying **Turner**/**Finley** "no merit" letter. Ramos then filed a request for a **Grazier**[6] colloquy, in which he stated he had received counsel's motion to withdraw, and counsel had "informed [him] to proceed *pro se* on his instant PCRA Petition." [Ramos'] Request for **Grazier** Colloquy, 7/6/2016, at ¶ 3. On August 2, 2016, the PCRA court conducted a hearing on counsel's petition to withdraw and Ramos' request to proceed *pro se*. That same day, the court granted counsel permission to withdraw, and entered an order notifying Ramos of its intent to dismiss his petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. After requesting and receiving the transcripts from his trial, Ramos filed a response to the court's Rule 907 notice on January 10, 2018. Subsequently, on January 17, 2018, the PCRA court entered an order denying Ramos relief. This timely appeal followed.[7, 8]

_____

[6] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[7] On January 30, 2018, the PCRA court directed Ramos to file a concise statement of errors complained of on appeal. When he had not done so by March 8, 2018, the PCRA court filed an opinion, concluding all of Ramos' issues were waived. **See** PCRA Court Opinion, 3/8/2018. However, on April 3, 2018, Ramos filed an application in this Court seeking leave to file a concise statement *nunc pro tunc*, and attached thereto a Rule 1925(b) statement. On April 23, 2018, this Court remanded the record to the PCRA court to prepare a supplemental opinion in response to Ramos' concise statement. The PCRA court filed a supplemental opinion on May 4, 2018.

[8] We note Ramos was charged and tried under two docket numbers, and his PCRA petition and notice of appeal therefrom lists both dockets. In June of

Our review of an order denying PCRA relief is "limited to a determination of whether the record supports the PCRA court's factual findings and whether its legal conclusions are free from error." ***Commonwealth v. Williams***, 141 A.3d 440, 452 (Pa. 2016).

On appeal, Ramos argues PCRA counsel was ineffective for submitting a defective "no merit" letter, and the PCRA court abused its discretion when it permitted appointed counsel to withdraw. ***See*** Ramos' Brief at 23-25, 28-29. We agree.[9]

When counsel seeks to withdraw from PCRA representation, pursuant to ***Turner***/***Finley*** and their progeny, counsel must first conduct an independent review of the record. ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009).

> The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review **and list each issue the petitioner wishes to have examined, explaining why those issues are meritless**. The PCRA court,

---

2018, the Pennsylvania Supreme Court in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), held that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." ***Id.*** at 977 (footnote omitted). Nevertheless, the ***Walker*** Court specifically announced its decision would be applied prospectively only. ***See Walker***, ***supra***, 185 A.3d at 97. Therefore, because the notice of appeal in the present case was filed before ***Walker***, we need not quash this appeal.

[9] Due to our disposition of this issue, we need not address Ramos' claims that the PCRA court abused its discretion in denying him an evidentiary hearing and directing him to proceed *pro se* without a proper ***Grazier*** colloquy. ***See*** Ramos' Brief at 11-16, 25-28.

or an appellate court if the no-merit letter is filed before it, **see Turner**, **supra**, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. **See Pitts**, **supra** at 876 n. 1.

**Commonwealth v. Rykard**, 55 A.3d 1177, 1184 (Pa. Super. 2012)

(emphasis supplied), *appeal denied*, 64 A.3d 631 (Pa. 2013).

Here, Ramos argues PCRA counsel's "no merit" letter was deficient:[10]

Appointed [c]ounsel's defective 'no-merit' letter fails to demonstrate a diligent review of the case or communication with the client, it fails to list the issues [Ramos] sought review and the 'no-merit' letter fails to explain how and why [Ramos'] issues, when proven accurate, would otherwise not grant PCRA relief.

Ramos' Brief at 24. Our review of counsel's three-paragraph "no merit" letter compels us to agree. Although counsel stated he reviewed all of Ramos' *pro se* petitions, and corresponded with Ramos, he insisted that Ramos' claims of trial counsel's ineffectiveness were only general allegations, lacking "reference to evidence of record or specific facts demonstrating prejudice[.]" Finley Letter, 6/15/2016. Counsel further averred, in summary fashion:

In correspondence I requested [Ramos] to supply me with specific facts supporting ineffectiveness claims. He wrote back stating that he wanted me to look into the allegations. I have found no facts to support any PCRA claims after reviewing the Notes of Testimony, [Ramos'] *pro se* PCRA Petitions, and the Court and Defense files, including the Discovery materials.

*Id.*

---

[10] We note Ramos properly preserved his challenge to PCRA counsel's ineffectiveness by raising the claim in his response to the PCRA court's Rule 907 notice. **See Commonwealth. v. Ford**, 44 A.3d 1190, 1198 (Pa. Super. 2012), *citing* **Pitts**, **supra**.

Counsel's assertion that Ramos' claims consisted only of general allegations is belied by our review of Ramos' most recent petition, filed on June 3, 2016. In that petition, Ramos alleged, *inter alia*, the trial court lacked jurisdiction due to the location of the crimes, and trial counsel was ineffective for failing to (a) request severance of the charges, (b) seek a change of venue, (c) call identified witnesses to testify, and (d) engage an expert witness to scientifically examine wiretap recordings. **See** Amended Post-Conviction Collateral Petition, 6/3/2016, at 11, 13, 16, 21. Moreover, in a prior petition, Ramos asserted the illegality of his sentence pursuant to **Alleyne v. United States**, 570 U.S. 99 (2013). Counsel failed to address any of these specific claims in his "no merit" letter. Therefore, we agree with Ramos that PCRA counsel's "no merit" letter failed to satisfy the requirements of **Turner**/**Finley** and their progeny, and, accordingly, are constrained to vacate the order denying PCRA relief and remand for the appointment of new counsel.[11] We recognize the PCRA court addressed several of the claims raised in Ramos' June 3, 2016, amended petition in its May 2, 2018, Opinion. **See** PCRA Court Opinion, 5/4/2018, at 7-9. Nevertheless, Ramos is entitled to the "effective assistance of counsel for his [] first PCRA petition." **Commonwealth v. Roane**, 142 A.3d 79, 100 (Pa. Super. 2016) (citation omitted).

_____

[11] The Commonwealth stated in its brief it was "not opposed to a remand for the appointment of new counsel[.]" **See** Commonwealth's Brief at 15.

- 7 -

Upon remand, we direct the PCRA court to appoint counsel to Ramos within 20 days. After the appointment, counsel shall have 60 days to file an amended PCRA petition, or a petition to withdraw accompanied by a competent **Turner**/**Finley** "no merit" letter.

Order vacated. Case remanded for proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/11/19